OPINION OF THE COURT
Gary F. Knobel, J.
The question presented in this small claims action has apparently not been officially reported upon, yet involves a game of *765 chance which is conducted regularly by charitable, religious and veterans organizations for fund raising purposes: how is the winner of a raffle determined?
Plaintiff seeks to recover the winning prize money of $1,400 awarded by a military veterans’ organization, defendant Western Long Island Detachment of the Marine Corps League, on November 13, 2011, to a nonparty, Pat Cardone. The plaintiff argues that he, and not Pat Cardone, is the rightful winner of the raffle conducted by defendant Western Long Island Detachment since the plaintiff possessed the ticket of the winning number, ticket number 0039. Plaintiff testified that raffle tickets were sold by the Western Long Island Detachment of the Marine Corps League to raise money for the Detachment and celebrate the Marine Corps’ birthday. The incentive to prospective purchasers was that the winner of the first prize would receive either a new rifle or $1,400.
Plaintiff testified that he bought a raffle ticket on the day of the “birthday bash” for $20 from defendant Nick Camarano, the organization’s vice-commandant. The plaintiff further testified that at the raffle drawing ceremony for the grand prize, a young girl plucked “a receipt” out of the drum containing the stubs of all the raffle tickets sold and that defendant Camarano “called out 0039.” When plaintiff approached defendant Camarano “to pick up the prize, there was another name on the receipt — the stub portion of the ticket.” Plaintiff claims that he was told “let this go for now and we’ll make it right ... at the next meeting” of the Detachment. Plaintiff testified that defendant Len Goldstein, the commandant of defendant Western Long Island Detachment, informed him after that meeting that “the Detachment voted not to give me anything.”
During his testimony at trial, defendant Goldstein concurred that “the officer[s] of the Detachment voted unanimously not to pay [plaintiff] and then the membership present agreed with the decision of the officers based on the fact that. . . the receipt stub . . . had the name of Pat Cardone [and his telephone number] on it” (see defendant’s exhibit A). Pat Siniscalchi, the Detachment paymaster (or treasurer), explained at trial that on the day of the subject event he sat at the front entrance of the VFW hall selling raffle tickets for $20 each and that he would instruct purchasers “to sign their name on the stub and to give [him] the stub, which [he] would keep separately for the raffle.” Mr. Siniscalchi stated that the plaintiff sat next to him at the table and “assisted me in selling 50/50 tickets.” Siniscalchi *766 testified that he sold raffle tickets numbered 0039 and 0042 and that there was “a lot of confusion” that day. Receipt stub numbered 0042 (defendant’s exhibit B), not stub number 0039, had plaintiffs name on it. Defendant Camarano testified that he assisted Mr. Siniscalchi in selling unsold raffle tickets by giving them to interested individuals and directing them to fill them out and pay Mr. Siniscalchi. Defendant Camarano contended at trial that he gave one raffle ticket to the plaintiff and five to Pat Cardone (who did not appear or testify at trial), and that the plaintiff admitted that “he took the back end [of the ticket] off the table, [that] nobody handed [the plaintiff] the back half of that ticket.” Plaintiff adamantly denied defendant Camarano’s allegation, and asserted that Camarano was “absolutely lying under oath.”
In sum, the defendants argue in their defense that the raffle ticket states on it that the “[w]inner need not be present to win” and that the stub drawn for the first prize had the name of Pat Cardone on it, not the plaintiffs, and therefore Mr. Car-done was correctly awarded the prize money by the defendants.
Plaintiff maintains that since he possessed the winning raffle ticket, he should have been declared the winner of the first prize, and that if the defendants made a mistake they should bear the loss.
The court notes that the declared winner of the subject raffle, Pat Cardone, did not testify at trial.
The only reported decision regarding a dispute over a winning raffle ticket conducted by a charitable organization was a 1991 Appellate Division, Second Department, case which originated in this court, Harris v Economic Opportunity Commn. of Nassau County (171 AD2d 223 [1991]), where the Second Department found, inter alia, that the particular raffle in question was an illegal lottery. That issue is not before this court and in any event it appears that defendants’ raffle is permitted pursuant to New York State Constitution, article I, § 9, in conjunction with Code of the Village of Lynbrook § 132-2 and Code of the Town of Hempstead § 104-4.
The customary winner of a raffle is the person whose name is either printed or signed on the stub that is selected from the stubs of the raffle tickets sold. After reviewing the transcript and the evidence, the court finds that the winner of the grand *767 prize of defendants’ raffle was not the plaintiff since his name was not on the stub selected by defendants’ agent.
Accordingly, the complaint is dismissed.